UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL CARROLL and
KENT SCHOOL CORPORATION                                                                PLAINTIFFS

v.                                        No. 5:21-CV-05150

NANOMECH, INC.                                                                          DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Nanomech, Inc.'s motion (Doc. 10) to set aside the Clerk's entry of default and a brief in support (Doc. 11). Plaintiffs Daniel Carroll and Kent School Corporation filed a response (Doc. 12) in opposition.

Plaintiffs initiated this action on August 24, 2021, against Nanomech, Inc. Nanomech, Inc. was served through the Delaware Secretary of State on September 3, 2021. Nanomech, Inc. failed to appear, answer, or otherwise respond, and the Clerk entered default on October 7, 2021. (Doc. 9). Nanomech, Inc. has now appeared and moves to set aside default, arguing that good cause exists to set aside the default because service was improper, Nanomech, Inc. repeatedly informed Plaintiffs it had not been served, Nanomech has a meritorious defense, and Plaintiffs would not be prejudiced. Plaintiffs argue service was proper because Nanomech, Inc. is a dissolved Delaware corporation and pursuant to Delaware law, dissolved corporations may be served through the Delaware Secretary of State for three years after dissolution.

The entry of default may be set aside for good cause. Fed. R. Civ. P. 55I. This stems from a strong preference for adjudication on the merits and an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a

meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotations omitted). Plaintiffs will not be prejudiced if the default is set aside. This case is in an early posture, and Plaintiffs having to conduct discovery on and litigate the claims Plaintiffs raise is not prejudicial. *Johnson v. Dayton Elec. Mf'g. Co.*, 140 F.3d 781, 785 (8th Cir. 1998). Nanomech, Inc. argues it has several meritorious defenses to Plaintiffs' negligence claims, including Delaware's economic loss doctrine and the lack of duty between a debtor and creditor. Nanomech, Inc. also argues default was inadvertent because Nanomech, Inc. repeatedly told Plaintiffs it had not received service of the complaint. Nanomech, Inc. and Plaintiffs argue they were each the victims of gamesmanship, and it appears to the Court that neither party has been willing to follow Federal Rule of Civil Procedure 1 which requires the Rules of Civil Procedure to be "construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Because of the Court's strong preference for adjudication on the merits, Nanomech, Inc.'s willingness to defend, and the large amount in controversy the Court finds good cause exists to set aside the default of Nanomech, Inc.

IT IS THEREFORE ORDERED that Defendant Nanomech, Inc.'s motion (Doc. 10) to set aside the entry of default is GRANTED, and the Clerk's entry of default (Doc. 9) is SET ASIDE. Nanomech, Inc. is directed to file its answer or response to the Complaint by **November 5, 2021.**

IT IS SO ORDERED this 28th day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE