UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL CARROLL and
KENT SCHOOL CORPORATION                                                                    PLAINTIFFS

v.                                      No. 5:21-CV-05150

NANOMECH, INC., et al.                                                                     DEFENDANTS

**OPINION AND ORDER**

Before the Court are two motions. Defendant Nanomech, Inc. filed a motion (Doc. 31) to dismiss Plaintiffs Daniel Carroll and Kent School Corporation's first amended complaint (Doc. 27). Plaintiffs filed no response, but instead filed a second amended complaint without leave of Court. Because Plaintiffs had previously filed an amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15 and had not obtained opposing parties' written consent to file the second amended complaint, the Court ordered (Doc. 34) the Clerk to amend the docket text to reflect that the purported second amended complaint was filed without legal effect. Plaintiffs then filed a motion (Doc. 35) for leave to file a second amended complaint. Defendant Nanomech, Inc. filed a response in opposition (Doc. 36). For the reasons stated below, Plaintiffs' motion (Doc. 35) to file a second amended complaint will be DENIED and Defendants' motion (Doc. 31) to dismiss will be GRANTED.

**I.   Background**

Defendant Nanomech is a defunct Delaware corporation. In April 2018, Nanomech entered into a Note Purchase and Security Agreement, as well as a first amendment (collectively, the "NPA") with Michaelson Capital Special Finance Fund II, L.P. ("Michaelson Capital"). Michaelson Capitol provided Nanomech with $7 million in financing, and the NPA prohibited Nanomech from issuing stock, options, warrants, or other rights to acquire stock which may be

redeemed before October 1, 2022, without prior written consent of Michaelson Capital.

In June 2018 Nanomech sought additional capital and, after being advised by its general counsel that written consent from Michaelson Capital was not needed, Nanomech issued a promissory note to Plaintiff Carroll in exchange for $1 million. In August 2018 Nanomech issued a $1 million promissory note to Plaintiff Kent School, once again without prior approval from Michaelson Capital. In September 2018 Nanomech issued a second $1 million promissory note to Plaintiff Kent School. All notes issued by Nanomech to Plaintiffs contained a choice of law clause which provided "all actions arising out of or in connection with this Note shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the conflicts of law provisions of the State of Delaware or of any other state." (Doc. 27-5, p. 8, ¶ 13; Doc. 27-6, p. 8, ¶ 13; Doc. 27-7, ¶ 13). Shortly after the second Kent School note was executed, Michaelson Capital notified Nanomech that Nanomech was in breach of the NPA.

In February 2019 Michaelson Capital filed a breach of contract lawsuit against Nanomech, and in April 2019 Nanomech filed a voluntary petition for a chapter 11 bankruptcy. Plaintiffs each filed proofs of claim in the bankruptcy proceeding. In June 2019 Michaelson Capital was awarded a judgment of $8,909,830 for its breach of contract claim against Nanomech. In March 2020 Nanomech, Michaelson Capital, Nanomech's insurers, and certain directors and officers of Nanomech entered into a settlement agreement in the bankruptcy case in which Nanomech, Nanomech's estate, and Michaelson Capital agreed to a general release of Nanomech's directors and officers in exchange for a payment of $1.7 million to Nanomech from Nanomech's insurers. Nanomech in turn provided $1,680,000 to pay Michaelson Capital's claims as the senior secured creditor and kept $20,000 for the benefit of Nanomech's estate.

In March 2019 Plaintiff Carroll filed his first federal lawsuit alleging breach of contract

against Nanomech.  *Carroll v. Nanomech, Inc.*, No. 19-cv-05055 (W.D. Ark July 2, 2019). Plaintiff Carroll voluntarily dismissed his claim in July 2019 and subsequently filed the present lawsuit with Plaintiff Kent School alleging Nanomech was negligent when it omitted and misstated its contractual duties to Michaelson Capital and issued promissory notes without obtaining prior written consent from Michaelson Capital, causing damages in the respective amounts of the promissory notes.  Nanomech's pending motion to dismiss argues Plaintiffs' claims should be dismissed under Delaware's economic loss doctrine.  Alternatively, Nanomech posits that under both Arkansas and Delaware law the parties only had a debtor/creditor relationship and therefore owed no duty to each other that could sustain a claim for negligence.

## II.     Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.*

### III. Discussion

#### A. The Motion for Leave to File a Second Amended Complaint

Federal Rule of Civil Procedure 15 controls amendment of pleadings. If a timely motion to amend a complaint is filed, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny a motion to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs seek to file an amended complaint dismissing Defendants Mitchell and Evans, adding Nanomech's insurers as respondents, and requesting declaratory judgment be entered regarding certain insurance policies held by Nanomech. Because the Court finds, as addressed below, that Defendants owed no duty to Plaintiffs, any amendment to alter parties or trigger insurance coverage would be futile, and Plaintiffs' motion for leave will be denied.

#### B. The Motion to Dismiss

Defendants argue that due to the choice of law provision in the notes exchanged between the parties Delaware law should apply to Plaintiffs' claims. However, because under both Delaware and Arkansas law Defendants owed no duty to Plaintiffs, the Court need not determine which state's law applies to this action.

To plead a prima facie case of negligence, the plaintiff must establish (1) defendant owed plaintiff a duty; (2) defendant breached that duty; (3) defendant's breach caused plaintiff harm; and (4) damages. *Duran v. Sw. Ark. Elec. Coop. Corp.*, 537 S.W.3d 722, 726 (Ark. 2018); *Spencer v. Goodill*, 17 A.3d 552, 554 (Del. 2011). "Duty arises out of the recognition that the relation between individuals may impose upon one a legal obligation for the benefit of another." *Duran*,

537 S.W.3d at 726-27 (citing *Marlar v. Daniel*, 247 S.W.3d 473 (Ark. 2007)). "Whether a duty is owed to a plaintiff is a matter for the court to decide as a question of law." *Id.* at 727 (citing *Griffin Warehouse, Inc. v. Sanders*, 76 S.W.3d 254 (Ark. 2002)); *see also Murray v. Mason,* 244 A.3d 187, 190 (Del. Super. Ct. 2020).

The record clearly demonstrates Nanomech and Plaintiffs share only a debtor/creditor relationship. Plaintiffs provided Nanomech with money in exchange for promissory notes securing repayment and brought this action when Nanomech failed to repay. Plaintiff's amended complaint states that "[i]t was the duty of Defendants . . . to use ordinary care for the safety of [the Plaintiffs'] total investments of $3,000,000.00 in Nanomech." (Doc. 27, p. 9, ¶ 47).

Under Arkansas law, absent a special relationship, no duty is owed in a debtor/creditor relationship that could sustain a claim for negligence. *See Tedder v. Simmons First Bank of NWA*, No. CA02-201, 2003 WL 355699, at *4 (Ark. Ct. App. Feb. 19, 2003) ("Here the evidence fails to establish a relationship between appellee and Mrs. Leach that was anything more than a debtor/creditor relationship. Thus, the evidence was not sufficient to maintain a negligence claim."). The same is true under Delaware law. *See Diehl-Guerrero v. Hardy Boys Constr., LLC.*, No. CV N16C-08-041, 2017 WL 886786, at *2-3 (Del. Super. Ct. Feb. 28, 2017) (holding "there is no fiduciary duty relationship between a debtor and a creditor, . . . therefore, there can be no breach of a fiduciary duty claim," and "Plaintiff's negligence claim fails as a matter of law because Wells Fargo did not owe a duty to Plaintiff").

Plaintiffs have not alleged any facts establishing a fiduciary duty, or other special relationship, between the parties. Therefore, under both Arkansas and Delaware law Defendants did not owe Plaintiffs a duty, and Plaintiffs' claim for negligence must be dismissed.

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 35) for leave to file a second amended complaint is DENIED.

IT IS FUTHER ORDERED that Defendants' motion (Doc. 31) to dismiss for failure to state a claim is GRANTED and this case is DISMISSED WITH PREJUDICE.  Judgment will be entered separately.

IT IS SO ORDERED this 10th day of January, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE